```
                                      FILED
                            CLERK, U.S. DISTRICT COURT

                                     4/29/15

                            CENTRAL DISTRICT OF CALIFORNIA
                            BY:        CW         DEPUTY
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| JOHN HACKERT, | ) Case No. CV 14-8814 FMO (JPRx) |
|---|---|
| Plaintiff, | ) |
| v. | ) **ORDER DISMISSING ACTION WITHOUT PREJUDICE** |
| CHARLES BAND, et al., | ) |
| Defendants. | ) |

Rule 4(m) of the Federal Rules of Civil Procedure requires the summons and complaint to be served on all defendants no later than 120 days after the filing of the complaint.[1] In this matter, the Complaint was filed on November 13, 2014.

On February 20, 2015, plaintiff was ordered to show cause on or before March 13, 2015, why this action should not be dismissed for lack of prosecution for failure to complete service of the summons and Complaint on defendants as required by Rule 4(m). (See Court's Order of February 20, 2015). Plaintiff responded to the order to show cause stating he "accidently destroyed" the papers he received, and that he was also seeking new counsel. (See Letters in Response to Order to Show Cause ("Letters")). The court construed the Letters as a motion for

---

[1] Unless otherwise indicated, all "Rule" references are to the Federal Rules of Civil Procedure.

extension of time to serve the complaint, (see Court's Order of March 20, 2015), and granted plaintiff until April 17, 2015, to serve defendants with the summons and complaint. (Id.). It appears from the record that plaintiff still has not completed service of the summons and Complaint on defendants. The court docket does not disclose any proof of service, nor any further attempts at service.

## DISCUSSION

Rule 4(m) provides that, if service of the summons and complaint is not made upon a defendant within 120 days of filing the complaint, a federal district court has the authority to *sua sponte* dismiss an action without prejudice, after notice to the plaintiff. If, however, a plaintiff shows good cause for the failure to serve the complaint within that time frame, the court must extend the time for accomplishing service. See Fed. R. Civ. P. 4(m); see also Muhammed v. Dep't of Treasury, 1998 WL 986245, *3 (C.D. Cal. 1998). The burden of establishing good cause is on the plaintiff. Id. at *4. The "good cause" exception to Rule 4(m) applies "only in limited circumstances" and is not satisfied by "inadvertent error or ignorance of the governing rules." Hamilton v. Endell, 981 F.2d 1062, 1065 (9th Cir. 1992); see also Townsel v. County of Contra Costa, 820 F.2d 319, 320-21 (9th Cir. 1987) (holding that ignorance of Rule 4 is not good cause for untimely service and affirming dismissal under Rule 4(m), even though the statute of limitations had run).

Given the court's orders of February 20, 2015, and March 20, 2015, it is clear that plaintiff has been advised of his obligation to effect service of process within the Rule 4(m) deadline, and that he was placed on notice that dismissal of this action would result if he failed to complete service of process within the Rule 4(m) deadline. (See, e.g., Court's Order of March 20, 2015 ("Failure to file a valid proof of service by April 24, 2015, shall result in the action being dismissed for lack of prosecution and failure to comply with court orders.")). It has now been over five months since plaintiff filed the Complaint, and plaintiff has yet to serve defendants. Nor has plaintiff requested an additional extension of time to serve the defendants. Instead, it appears that plaintiff has abandoned this action. Therefore, dismissal of the action is warranted.

Based on the foregoing, IT IS ORDERED THAT Judgment be entered dismissing this action, **without prejudice**, for failure to effect service of process in compliance with Rule 4(m) of the Federal Rules of Civil Procedure.

Dated this 29th day of April, 2015.

/s/
Fernando M. Olguin
United States District Judge